IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



Citigroup, Inc.,                          )
                                          )
         Plaintiff,                       )
                                          )
    v.                                    )    Case No. 1:09cv277 (GBL)
                                          )
The Internet Domain Names                 )
<citibankaccountonline.com>,              )
<citibankautofinance.com>,                )
<citibankbanamex.com>,                    )
<citibankcreditcardonline.com>,           )
<citibankmerchantservices.com>,           )
<citibankonlime.com>,                     )
<citibankpayment.com>,                    )
<citibankthankyou.com>,                   )
<citicardmember.com>,                     )
<citidank.com>,                           )
<citifinancialquto.com>,                  )
<citifinancialservicesinc.com>,           )
<citifininancialauto.com>,                )
<citigroupdesktop.com>,                   )
<citimortgqge.com>,                       )
<citiplatinumselectmastercard.com>,)
<citisears.com>,                          )
<citifinacial.net>,                       )
<citigoup.net>,                           )
<citifinance.com>, and                    )
<miciti.com>,                             )
                                          )
         Defendants.                      )


<u>**ORDER**</u>


THIS MATTER is before the Court on the August 31, 2009,
Report and Recommendation of Magistrate Judge John F. Anderson,
regarding Plaintiff Citigroup Inc.'s *in rem* action concerning the
Defendant Internet Domain Names.  This case concerns Plaintiff's
claim for injunctive relief pursuant to the Anticybersquatting
Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(2).

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. FED. R. CIV. P. 72(b). A party must serve any objections to the magistrate judge's recommendation within ten (10) days of being served with a copy of the order. *Id.* The district judge to whom a case is assigned should make a *de novo* determination on the record, or receive additional evidence, on any portion of the magistrate judge's disposition to which a party has made a specific written objection. *Id.*

Here, Plaintiff filed its Complaint in this action on March 12, 2009. Plaintiff served process on Defendant Domain Names through their registrar Lead Networks Domains Pvt. Ltd. ("Lead Networks") on March 13, 2009, by registered mail.[1] Plaintiff published a Notice of Action which stated that anyone asserting a claim to the Defendant Domain Names must file an answer or

---

[1] Lead Networks was the registrar for each of the Domain Names at the time Plaintiff filed its Amended Complaint. On May 13, 2009, Plaintiff also sent a copy of the Amended Complaint by registered mail to VeriSign, Inc., the exclusive registry of Defendant Domain Names. In addition, on April 24, 2009, Plaintiff mailed a copy of the Amended Complaint to Private Whois, Lead Networks' wholly-owned privacy service. That same day, Plaintiff sent a copy of the Amended Complaint to the new registrar of nineteen of the Defendant Domain Names, <PrivacyProtect.org>, as per the policy set forth by that registrar for contacting each individual registrant of the Domain Names. In addition, on June 15, 2009, Plaintiff published a Notice of Action in *The Washington Times* as directed by the magistrate judge.

response with the Clerk by July 6, 2009.  The Clerk entered default on July 10, 2009.  Plaintiff filed a Motion for Default Judgment on July 16, 2009.  On August 14, 2009, the magistrate judge conducted a hearing on Plaintiff's Motion for Default Judgment.  No claimant appeared on behalf of any of the Defendant Domain Names.  Federal Rule of Civil Procedure 55 allows this Court to grant a motion for default judgment where a party has failed to defend against a claim as provided by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 55.

Magistrate Judge Anderson recommends that the Court find that the registrants' actions have violated the ACPA, and that the Court order VeriSign, Inc., to change the current registrars for Defendant Domain Names:

1. <citibankaccountonline.com>;

2. <citibankautofinance.com>;

3. <citibankbanamex.com>;

4. <citibankcreditcardonline.com>;

5. <citibankmerchantservices.com>;

6. <citibankonlime.com>;

7. <citibankpayment.com>;

8. <citibankthankyou.com>;

9. <citicardmember.com>;

10. <citidank.com>;

11. <citifinancialquto.com>;

3

12. <citifinancialservicesinc.com>;

13. <citifininancialauto.com>;

14. <citigroupdesktop.com>;

15. <citimortgqge.com>;

16. <citiplatinumselectmastercard.com>

17. <citisears.com>;

18. <citifinacial.net>;

19. <citigoup.net>;

20. <citifinance.com>; and

21. <miciti.com>

to a registrar of Citigroup's choosing so that the registrations
for the Defendant Domain Names can be transferred to Citigroup.
None of the registrants has filed objections within ten (10) days
after being served with the magistrate judge's Report.
Therefore, the Court adopts Magistrate Judge Anderson's Report
and Recommendation *in toto*.   Accordingly, it is hereby


ORDERED that Verisign, Inc., change the following Defendant
Domain Names:

1.   <citibankaccountonline.com>;

2.   <citibankautofinance.com>;

3.   <citibankbanamex.com>;

4.   <citibankcreditcardonline.com>;

5.   <citibankmerchantservices.com>;

4

6. &lt;citibankonlime.com&gt;;

7. &lt;citibankpayment.com&gt;;

8. &lt;citibankthankyou.com&gt;;

9. &lt;citicardmember.com&gt;;

10. &lt;citidank.com&gt;;

11. &lt;citifinancialquto.com&gt;;

12. &lt;citifinancialservicesinc.com&gt;;

13. &lt;citifininancialauto.com&gt;;

14. &lt;citigroupdesktop.com&gt;;

15. &lt;citimortgqge.com&gt;;

16. &lt;citiplatinumselectmastercard.com&gt;

17. &lt;citisears.com&gt;;

18. &lt;citifinacial.net&gt;;

19. &lt;citigoup.net&gt;;

20. &lt;citifinance.com&gt;; and

21. &lt;miciti.com&gt;

from their current registrar to a registrar of Plaintiff's

selection ("Plaintiff's Registrar).   It is further

ORDERED that Plaintiff's Registar shall register Defendant Domain Names:

1.  <citibankaccountonline.com>;

2.  <citibankautofinance.com>;

3.  <citibankbanamex.com>;

4.  <citibankcreditcardonline.com>;

5.  <citibankmerchantservices.com>;

6.  <citibankonlime.com>;

7.  <citibankpayment.com>;

8.  <citibankthankyou.com>;

9.  <citicardmember.com>;

10. <citidank.com>;

11. <citifinancialquto.com>;

12. <citifinancialservicesinc.com>;

13. <citifininancialauto.com>;

14. <citigroupdesktop.com>;

15. <citimortgqge.com>;

16. <citiplatinumselectmastercard.com>

17. <citisears.com>;

18. <citifinacial.net>;

19. <citigoup.net>;

20. <citifinance.com>; and

21. <miciti.com>

in the name of Citigroup Inc.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this *2nd* day of December, 2009.

                                   _____/s/_____
                                   Gerald Bruce Lee
                                   United States District Judge

Alexandria, Virginia

7